CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 28, 2017

LETTER TO ALL COUNSEL

  Re: *Ruth Crosen o/b/o C.A.C. v. Commissioner of Social Security*,
   Civil No. SAG-16-2727

Dear Counsel:

  On July 30, 2016, Ruth Crosen petitioned this Court to review the Social Security Administration's denial of her claim for Children's Supplemental Security Income ("SSI") on behalf of her minor son, C.A.C. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 16). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Local R. 105.6 (D. Md. 2016). I will grant the Commissioner's motion and deny Ms. Crosen's motion. This letter explains my rationale.

  Ms. Crosen applied for Children's SSI on behalf of C.A.C. on March 8, 2012, alleging a disability onset date of June 15, 2007. (Tr. 152-56). Her claim was denied initially and on reconsideration. (Tr. 107-10, 114-15). A hearing was held on January 8, 2015, before an Administrative Law Judge ("ALJ").[1] (Tr. 57-95). Following the hearing, on February 6, 2015, the ALJ issued an opinion denying benefits. (Tr. 34-56). Because the Appeals Council denied Ms. Crosen's request for review, (Tr. 1-6), the ALJ's decision is the final, reviewable decision of the Agency.

  The ALJ evaluated Ms. Crosen's claim using the three-step sequential process for claims involving childhood SSI, as set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two favored Ms. Crosen's claim. At step one, the ALJ found that C.A.C. had not engaged in any substantial gainful activity since the application date. (Tr. 40). At step two, the ALJ found that C.A.C. suffered from the severe impairments of "Attention Deficit Hyperactivity Disorder (ADHD), Oppositional Defiant Disorder (ODD), Borderline Intellectual Functioning (BIF), status post language delay." *Id.* At step three, however, the ALJ found that C.A.C. did not have an impairment or combination of impairments that met any listing. (Tr. 40-50). Additionally, the ALJ determined that C.A.C. did not have an impairment or combination of impairments that

---

[1] Oddly, the hearing transcript is dated repeatedly as October 8, 2015. (Tr. 57, 59, 95). However, the ALJ's opinion reflects that the hearing was held on January 8, 2015, (Tr. 37), which appears correct since the opinion was dated February 6, 2015, and the hearing had to have been held before the opinion issued. The hearing notice also indicates January 8, 2015. (Tr. 133).

would be functionally equivalent to any listing. *Id.* Therefore, the ALJ determined that C.A.C. was not disabled for purposes of Children's SSI benefits. (Tr. 50).

Ms. Crosen asserts two primary arguments in support of her appeal: (1) that the ALJ should have ruled that C.A.C.'s autism spectrum disorder was a severe impairment; and (2) that the ALJ should have given greater weight to the opinions and medical records of the treating physicians. Although I agree that the ALJ committed error in considering C.A.C.'s autism spectrum disorder, I conclude that the error was harmless, and therefore, that the ALJ's conclusion should be affirmed.

First, Ms. Crosen argues that the ALJ erred by failing to classify C.A.C.'s placement on the autism spectrum disorder as a severe impairment at step two of the sequential evaluation. Step two involves a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 138 (1987) (upholding the severity threshold because, "if a claimant is unable to show that he has a medically severe impairment…there is no reason for the Secretary to consider [the claimant's] age, education, and work experience"). If a claimant is not suffering from any severe impairment(s), he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). If a claimant is found to be suffering from a severe impairment(s), the analysis simply proceeds to the next step. *Id.*

Here, the ALJ found C.A.C. to suffer from several severe impairments. However, the ALJ also stated:

> All other impairments alleged or found in the record including Autistic Spectrum Disorder are nonsevere impairments because they have not lasted for a period of 12 months, are responsive to medication, do not require any significant medical treatment, or do not result in any continuous exertional, or nonexertional limitations.

(Tr. 40). That analysis is patently erroneous because it is conclusory and contains no actual evaluation of the ALJ's reasons for finding Autistic Spectrum Disorder nonsevere. A simple recitation of all of the potential reasons an impairment might be nonsevere does not fulfill the ALJ's duty of explanation as to a particular impairment. However, despite the error, Ms. Crosen has failed to show how she was prejudiced by the ALJ's failure. As noted above, the ALJ determined that C.A.C. suffered from other severe impairments, and continued through the entire sequential evaluation of the allegation of disability. Moreover, in assessing whether C.A.C.'s impairments were equivalent to a listing, the ALJ discussed the diagnosis of autism and considered all of C.A.C.'s limitations in each relevant functional area, whether due to autism or another diagnosis. (Tr. 43, 44-50). Thus, the ALJ properly considered all of C.A.C.'s impairments, whether severe or non-severe, at the relevant stages of the evaluation. Any error is therefore harmless.

Ms. Crosen's second argument cites the ALJ's failure to make express assignments of weight to the opinions of two of C.A.C.'s treating physicians, Drs. Heffner and Peay. Pl. Mot. 6-

9. The relevant regulation provides, "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a). A treating physician's opinion merits controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and 2) it is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 416.927(c)(2); *Craig,* 76 F.3d at 585 (refined by 20 C.F.R. § 416.927(d)(2) (1999)); SSR 96-2p, 1996 WL 374188.

Here, there are records from two physicians that Ms. Crosen argues constitute "opinions." First, the record contains a report from an evaluating physician, Dr. Heffner; and, second, it contains two letters from C.A.C.'s psychiatrist, Dr. Peay. (Tr. 462-67, 334, 337). Dr. Heffner's report diagnosed C.A.C. with "Autistic Spectrum Disorder" and ADHD, and made recommendations regarding medication and therapy. (Tr. 465-467). Dr. Heffner noted "significant interactional and behavioral problems which are over and above that of [ADHD] and do not truly meet the criteria for Mood Disorder." (Tr. 465). Similarly, Dr. Peay's letters summarize C.A.C.'s diagnoses and the services he receives at school. (Tr. 334, 337). Dr. Peay states that C.A.C. has "significant impairment in his social development" and that he will "continue to require some higher level of clinical and educational services throughout his life." (Tr. 337). Dr. Peay also noted a need for "increased supervision given safety concerns with his hyperactivity and impulsivity." (Tr. 334). Neither the report from Dr. Heffner nor the letters from Dr. Peay address the issues relevant to an evaluation of C.A.C.'s disability under the relevant standards. For example, the physicians' reports do not address the six relevant functional areas to assist the ALJ's determination of the appropriate level of limitation in each area. In addition, the ALJ reviewed, summarized, and discussed the findings by both physicians. (Tr. 42, 43). Given that the physicians' reports do not contain actual "opinions" regarding the functional requirements for disability, the fact that the ALJ did not make express assignments of weight to those documents is not fatal to the ALJ's conclusions.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Crosen's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find that the ALJ's RFC determination was supported by substantial evidence. The ALJ cited to C.A.C.'s improvement with medication and therapy, his scoring on standardized testing, and his ability to complete academic goals in a small group setting with adult assistance. (Tr. 43-44). The ALJ further relied upon the opinions of the State agency consultant, who had found less than marked limitations or no limitations in all functional areas, except that the ALJ determined that C.A.C. had a less than marked limitation (instead of no limitation) in "Moving about and Manipulating Objects." (Tr. 44). Ms. Crosen cites to a list of excerpts from records that she believes support a finding of disability. Pl. Mot. 7-9. However, in light of the substantial evidence cited by the

ALJ, remand is unwarranted even if other evidence exists that could be marshaled in support of a finding of disability.

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 16) and DENIES Ms. Crosen's Motion for Summary Judgment (ECF No. 13). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,


/s/

Stephanie A. Gallagher
United States Magistrate Judge